Frank L. Bernstein (State Bar No. 189504)
SINGULARITY LLP
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Telephone: (650) 720-4650
Facsimile: (650) 720-4662
fbernstein@ipsingularity.com

Of Counsel:
William H. Mandir
John F. Rabena
Yoshinari Kishimoto
Fadi Kiblawi
Andrew Ritter
Arun Shome
Young Sun Kwon
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
wmandir@sughrue.com
jrabena@sughrue.com
ykishimoto@sughrue.com
fkiblawi@sughrue.com
aritter@sughrue.com
ashome@sughrue.com
ykwon@sughrue.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NHK SPRING CO., LTD. and OGAKI SEIKO CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> INTRI-PLEX TECHNOLOGIES, INC.; INTRI-PLEX (THAILAND) LTD., MMI HOLDINGS LTD., MMI TECHNOLOGIES PTE. LTD.; MMI PRECISION TECHNOLOGIES LTD.; and MMI INTERNATIONAL LTD. <br><br> Defendants. | Civil Action No. 3:17-cv-4685 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT
Case No. 3:17-cv-4685

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiffs NHK Spring Co., Ltd. and Ogaki Seiko Co., Ltd. (collectively "Plaintiffs"), by and through their attorneys, allege the following for its complaint against Intri-Plex Technologies, Inc., Intri-Plex (Thailand) Ltd., MMI Holdings Ltd., MMI Technologies Pte. Ltd., MMI Precision Technologies Ltd., and MMI International Ltd. (collectively "Defendants"):

**NATURE OF ACTION**

1. NHK Spring Co., Ltd. and Ogaki Seiko Co., Ltd. are the owners of United States Patent No. 8,537,498 ("the '498 patent").

2. This is a civil action for the infringement of the '498 patent arising under the laws of the United States, including 35 U.S.C. § 271.

**THE PARTIES**

3. Plaintiff NHK Spring Co., Ltd. is a corporation organized and existing under the laws of Japan with a principal place of business at 3-10 Fukuura, Kanazawa-ku, Yokohama, 236-0004, Japan.

4. Plaintiff Ogaki Seiko Co., Ltd. is a corporation organized and existing under the laws of Japan with a principal place of business at 3-92-1 Asanishi, Ogaki-shi, Gifu, Japan.

5. On information and belief, Defendant Intri-Plex Technologies, Inc. ("IPT") is a corporation organized and existing under the laws of California with a principal place of business at 751 South Kellogg Avenue, Santa Barbara, California 93117.

6. On information and belief, Defendant Intri-Plex (Thailand) Ltd. ("IP Thailand") is a corporation organized and existing under the laws of Thailand with a principal place of business at 160 Moo 1, Hi Tech Industrial Estate, T. Baanlane, A. Bangpa-in, Ayutthaya 13160 Thailand.

7. On information and belief, Defendants MMI Holdings Ltd., MMI Technologies Pte. Ltd., MMI Precision Technologies Ltd., and MMI International Ltd. (collectively "MMI") are corporations having a regular place of business at 751 South Kellogg Avenue, Santa Barbara, California 93117.

8. On information and belief, Defendant MMI Holdings Ltd. is a corporation organized and existing under the laws of Singapore with headquarters located at Kaki Bukit Avenue 1, #07-05, Kaki Bukit Industrial Estate, Kaki Bukit, 417942, Singapore.

9. On information and belief, Defendant MMI Technologies Pte. Ltd. is a corporation organized and existing under the laws of Singapore with headquarters located at Kaki Bukit Avenue 1, #07-05, Kaki Bukit Industrial Estate, Kaki Bukit, 417942, Singapore.

10. On information and belief, Defendant MMI Precision Technologies Ltd. is a corporation organized and existing under the laws of Delaware and may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

11. On information and belief, Defendant MMI International Ltd. is a corporation organized and existing under the laws of Malaysia with headquarters located at Labuan Financial Park, 15th Floor, Jalan Merdeka, Labuan, Wilayah Perseketuan (federal Territory) 87000.

## JURISDICTION AND VENUE

12. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

15. Defendant IPT is subject to this Court's specific and general personal jurisdiction due at least to its incorporation in this district, as well as, upon information and belief, regularly doing or soliciting business in this judicial district and committing at least a portion of the infringements alleged herein in this judicial district.

16. Defendant MMI and Defendant IP Thailand are subject to this Court's specific and general personal jurisdiction due at least to, upon information and belief, regularly doing or

soliciting business in this judicial district and committing at least a portion of the infringements alleged herein in this judicial district.

## THE PATENT IN SUIT

17. On September 17, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '498 patent, titled "Baseplate for Disk Drive Suspension and Method for Manufacturing Baseplate," to inventors Ryosuke Yabu and Masakazu Sugino. A true and correct copy of the '498 patent is attached as Exhibit A to this Complaint.

18. By assignment, NHK Spring Co., Ltd. and Ogaki Seiko Co., Ltd. own all rights, title, and interest in and to the '498 patent, including, but not limited to, the right to enforce the '498 patent and collect damages for past and future infringements thereof.

## FACTUAL BACKGROUND

Plaintiffs' Base Plate Technology

19. Hard disk drives (HDDs) are used in information processing apparatuses for storing data. HDDs include a magnetic disk rotatable around a spindle, an actuator arm, and a suspension provided at an end portion of the actuator arm. The primary method of attaching the suspension assembly to the actuator arm uses a swage mount that forms a part of the suspension assembly. A swage mount has a flange portion and a boss portion. The boss portion is fixed to the mounting hole of the actuator arm through a process in which a hard ball is passed through the interior of the boss portion to enlarge its diameter. If the boss portion has been press-formed, a heat treatment reduces the hardness of the boss portion. However, the heat-treating may not reduce the coefficient of friction between the ball and the interior of the boss portion. In this case, the resulting force for attaching the boss portion becomes very large. Plaintiffs' patented technology reduces the frictional coefficient between the steel ball and the base plate.

20. Plaintiffs design, manufacture, and/or produce baseplates for use in suspension assemblies.

Defendants' Supply of Infringing Base Plates and/or Disk Drive Suspensions to Third Parties

21. Defendants IPT and IP Thailand are manufacturers and suppliers of base plates for use in HDDs. Certain base plates that Defendants IPT and IP Thailand manufacture and supply utilize the patented technology of the '498 patent.

22. Defendant MMI is manufacturer and supplier of base plates for disk drive suspensions used in HDDs. Certain HDDs incorporating base plates that Defendant MMI manufactures and supplies utilize the patented technology of the '498 patent.

Defendant's Knowledge of the '498 patent

23. Defendants have had actual knowledge of the '498 patent since at least August 2, 2016, when Plaintiff NHK Spring Co., Ltd. sent Defendants a patent list including the '498 patent in connection with a discussion of patent infringement allegations.

## COUNT I

### (Infringement of U.S. Patent No. 8,537,498)

24. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

25. Upon information and belief, Defendants have directly infringed and continue to directly infringe the '498 patent in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling, and/or importing into the United States and/or inducing others to directly use, offer for sale, sell, and/or import into the United States a base plate of a suspension fixed to an actuator arm for use in HDD products supplied by third-party HDD manufacturers, including but not limited to Western Digital's ("WD") DRIWD-30EZZS HDD (Description: WD WD30EZRZ 3TB SATA 6.0Gb/s 64MB 3.5" HDD Caviar; Serial No.: WCC4N2FUS0JN) ("the WD product").

26. Upon information and belief, third-party HDD manufacturers like WD incorporate the Defendants' infringing base plates into HDD products, such as the WD product that is offered for sale and sold in the global market, including in the United States and in this judicial district.

27. Upon information and belief, the base plates supplied by the Defendants and incorporated into the WD product infringe Claim 1 of the '498 patent.

28. The base plate is of a suspension fixed to an actuator arm and incorporated into the WD product, and the baseplate is formed from austenite stainless steel and includes a cylindrical boss portion which is configured to be inserted into a mounting hole formed in the actuator arm of a disk drive.

29. Upon information and belief, the base plate is heat-treated.

30. Upon information and belief, the boss portion of the base plate includes a ball insertion hole that penetrates the boss portion along an axis thereof, and includes an inner circumferential wall that is chemically polished via chemical deburring.

31. Upon information and belief, the chemically-polished surface on the inner circumferential wall of the base plate has an oxygen-rich layer in which an oxygen concentration is higher than a chromium concentration near a surface.

32. Upon information and belief, the oxygen-rich layer of the chemically-polished surface in the base plate has a thickness less than a thickness of an oxygen-rich layer of a non-chemically polished surface of the base plate.

33. Upon information and belief, a frictional coefficient of the chemically-polished surface in the base plate is such that a frictional resistance between the ball and the chemically-polished surface when the ball is inserted into the ball insertion hole in a direction in which the boss portion is pulled is less than a frictional resistance when the ball is inserted in a direction in which the boss portion is compressed.

34. Upon information and belief, Defendants supplied third-party HDD manufacturers such as WD with the infringing base plates with the knowledge and specific intent that the base plates will be incorporated in HDD products that will be offered for sale and sold by third-party HDD manufacturers like WD in the global market, including in the United States and in this judicial district.

35. Upon information and belief, Defendants induce infringement by selling, offering to sell, and/or importing into the United States the base plates for use in infringing HDD products. Since at least August 2, 2016, Defendants induced infringement knowing that the base plates would be used in HDD products that infringe the '498 patent. As shown in the graphic below, Defendants

advertise benefits of its base plates, including chemical polishing utilizing "non abrasive deburring solutions."[1]  Since at least August 2, 2016, Defendants knew that their advertisements of the infringing base plates would induce third-party suppliers to incorporate the infringing base plates into infringing products, such as the WD product.



[2]

36.     Upon information and belief, Defendants contributorily infringe in violation of 35 U.S.C. § 271(c) by selling, offering to sell, or importing into the United States the infringing base plates for use in infringing HDD products.  Since at least August 2, 2016, Defendants contributorily infringed knowing that the base plates would be used in HDD products that directly infringe the '498 patent, such as the WD product.  Defendants' base plates are especially made for use in infringing HDDs (which include features that themselves are not a staple article or commodity of commerce suitable for substantial non-infringing uses) since Defendants' infringing base plates having chemically polished surfaces that are especially made to be used when inserting the ball insertion hole in a direction in which the boss portion is pulled is less than a frictional resistance when the ball is inserted in a direction in which the boss portion is compressed and, therefore, are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

37.     Upon information and belief, one or more direct and indirect customers of Defendants have directly infringed the '498 patent by using, offering to sell, selling, and/or importing into the United States HDD products that incorporate Defendants' infringing base plates. Such direct and indirect customers of Defendants include third-party HDD manufacturers like WD,

---

[1] http://www.mmi.com.sg/index.php?option=com_content&view=article&id=226&Itemid=318
[2] http://www.mmi.com.sg/index.php?option=com_content&view=article&id=223&Itemid=318

retailers of HDD products manufactured and sold by third-party HDD manufacturers like WD, and end users of HDD products manufactured and sold by third-party HDD manufacturers like WD.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court issue:

A.    an order adjudging the '498 patent valid;

B.    an order adjudging the Defendants to have directly and indirectly infringed the '498 patent, either literally or under the doctrine of equivalents;

C.    a permanent injunction enjoining Defendants, their officers, agents, subsidiaries, and employees, and those in privity or in active concert with them, from further activities that constitute infringement of the '498 patent within the State of California and across the United States;

D.    an award of damages adequate to compensate the Plaintiffs for the infringement by the Defendants, along with prejudgment and postjudgment interest and costs, but in no event less than a reasonable royalty;

E.    a finding that Defendants have willfully infringed the '498 patent since at least August 2, 2016, and that this case is an exceptional case warranting enhanced damages and attorneys' fees under 35 U.S.C. §§ 284 and 285; and

F.    such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), the Plaintiffs hereby demand a jury trial on all issues so triable raised in this action.

DATED: August 14, 2017                    Respectfully submitted,

SINGULARITY LLP

By: _/s/ *Frank L. Bernstein*_____
     Frank L Bernstein

Of Counsel:
William H. Mandir
John F. Rabena
Yoshinari Kishimoto
Fadi Kiblawi
Andrew Ritter
Arun Shome
Young Sun Kwon
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
wmandir@sughrue.com
jrabena@sughrue.com
ykishimoto@sughrue.com
fkiblawi@sughrue.com
aritter@sughrue.com
ashome@sughrue.com
ykwon@sughrue.com

Attorneys for Plaintiffs
NHK SPRING CO., LTD. and OGAKI SEIKO CO., LTD.